GUS SCHROEDER V. THE STATE.

No. 7332. Decided January 24, 1923.

**1.—Selling Intoxicating Liquors—Insufficiency of the Evidence—Other Transactions—Flight—Charge of Court.**

Where, upon trial of selling intoxicating liquor, the court charged the jury that they could consider the testimony of appellant's confession of his possession of said jug of whisky, and also the testimony of the fact that appellant ran just prior to being arrested only as bearing upon the question of suspended sentence, the same was reversible error under the facts in the instant case.

**2.—Same—Suspended Sentence—Instances of Misconduct.**

Where defendant pleaded for a suspended sentence, testimony reflecting individual instances of misconduct, is not primarily admissible, nor was appellant's attempt to escape before he was arrested; besides, the alleged confession in evidence related to entirely separate and distinct transaction, and the evidence was insufficient to sustain the conviction.

Appeal from the Criminal District Court of Williamson. Tried below before the Honorable James R. Hamilton.

Appeal from a conviction of selling intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*J. F. Taulbee,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the Criminal District Court of Williamson County of selling intoxicating liquor, and his punishment fixed at confinement in the penitentiary for a period of one year.

There seems no question from the testimony but that in January, 1922, some person sold to a young man by the name of Baker, in Round Rock, Williamson County, Texas, a jug of whisky. Baker was very uncertain in his identification of appellant as being said party.

From other testimony in the case, however, the jury believed the identification to have been sufficiently established. We would be unwilling to say that the testimony did not support their finding.

The State was permitted, over objection of appellant, to introduce testimony of a confession made by appellant of his possession of a jug of liquor, which confession was made apparently about the 10th of March, 1922. There was no effort made by the State to identify said jug of whisky with that sold to Mr. Baker. In fact the jug of whisky referred to in said confession seems to have been gotten at appellant's home on the afternoon of March 10, 1922. It was also in testimony from the officer who arrested appellant, that when he first saw him on that day appellant ran through a plowed field a distance of about a quarter of a mile and that he, the officer, had difficulty in overtaking him in a Ford car. In his charge to the jury the learned trial judge instructed them that they could consider the testimony of appellant's confession of his possession of said jug of whisky, and also testimony of the fact that appellant ran just prior to being arrested by the officer, only as bearing upon the question of whether they would give to appellant the benefit of a suspended sentence, for which he had applied.

In this portion of his charge to the jury we are constrained to believe error materially injurious to appellant was committed. Testimony reflecting individual instances of misconduct on the part of the accused is not primarily admissible as rebutting his right to a suspended sentence. Johnson v. State, 91 Texas Crim. Rep., 582, 241 S. W. Rep., 484. We do not believe under any circumstances that the fact of appellant's attempt to escape, when he became aware of the presence of the officer who afterwards arrested him, could be considered as affecting his right to a suspended sentence. Such testimony has been generally held admissible upon the question of guilt or innocence, flight being regarded as an evidence of guilt. The date of the alleged confession shows it to relate to an entirely separate and distinct transaction from that involved in the prosecution herein. Such evidence could shed no legitimate light upon the guilt or innocence of the accused in this case, unless it in some way tended to identify the accused, and we hardly deem it possible of such inference.

For the error in the charge above mentioned a reversal is ordered.

*Reversed and remanded.*